IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| PHILLIPS MACHINE SERVICE, INC.,<br>THE COMBS GROUP, INC.<br><br>      Plaintiffs,<br><br>    v.<br><br>SOUTHERN COAL CORPORATION,<br>KENTUCKY FUEL CORPORATION,<br>A & G COAL CORPORATION,<br>VIRGINIA FUEL CORPORATION,<br>SEQUOIA ENERGY, LLC,<br>JUSTICE LOW SEAM MINING, INC.<br>BLACK RIVER COAL, LLC,<br><br>      Defendants. | CIVIL ACTION NO. 5:14-cv-27107 |
| NORFOLK SOUTHERN RAILWAY COMPANY<br><br>      Garnishee. | |

## NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1441 and 1446, garnishee Norfolk Southern Railway Company ("Norfolk Southern") hereby notices its removal of this action from the Circuit Court of Raleigh County, West Virginia, to the United States District Court for the Southern District of West Virginia, Beckley Division on the following grounds:

**I. BACKGROUND**

1. Phillips Machine Service, Inc. ("Phillips Machine") is a corporation that is incorporated pursuant to the laws of the State of West Virginia, with its principal place of business located in Beckley, West Virginia.

2. The Combs Group, Inc. ("The Combs Group"; collectively with Phillips Machine referred to as "Judgment Creditors") is a corporation that is incorporated pursuant to the laws

{H0955323.1 }

of the Commonwealth of Kentucky, with its principal place of business located in Pineville, Kentucky.

3. Garnishee, Norfolk Southern, is a corporation that is incorporated pursuant to the laws of the Commonwealth of Virginia with its principal place of business located in Norfolk, Virginia. Norfolk Southern operates as an interstate rail carrier subject to the jurisdiction of the United States Surface Transportation Board ("STB"), and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

4. On or about October 8, 2013, Judgment Creditors filed a complaint against Southern Coal Corporation, Kentucky Fuel Corporation, A & G Coal Corporation, Virginia Fuel Corporation, Sequoia Energy, LLC, Justice Low Seam Mining, Inc. and Black River Coal, LLC (collectively "Judgment Debtors"), in the Circuit Court of Raleigh County, West Virginia, Civil Action No. 13-C-818 (the "State Court Action"). A copy of the docket from the State Court Action is attached as Exhibit "1"; *See* docket entry 1.

5. Upon information and belief, Judgment Debtors are companies in the business of mining, refining and selling coal.

6. On August 11, 2014, a final judgment was entered in favor of Judgment Creditors and against Judgment Debtors in the amount of $1,158,416.42, plus pre- and post-judgment interest in an amount in excess of $107,311.11. *See* Ex. 1, docket entry 158.

7. West Virginia law provides judgment creditors with the ability to initiate garnishment proceedings in aid of judgment execution through the filing of a suggestion that a person or entity is in possession of property belonging to the judgment debtor. *See* W. VA. Code, 38-5-10.

8. On September 26, 2014, Judgment Creditors initiated garnishment proceedings against Norfolk Southern by filing suggestions (the "Suggestions") seeking that Norfolk Southern turn over any property within its possession belonging to Judgment Debtors, (the "Garnishment Action").

9. On September 29, 2014, Judgment Creditors served Norfolk Southern with the Suggestions along with a summons requiring Norfolk Southern to appear and file an answer in response to the Suggestions in the Garnishment Action. A copy of the documents filed in the Garnishment Action and served on Norfolk Southern are attached as Exhibit "2".

10. Norfolk Southern does hereby remove the Garnishment Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## II. SUBJECT MATTER JURISDICTION

11. This action is properly removable under §1441(a) and (b), because this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337.

**A. The Court possesses original jurisdiction over the Garnishment Action based upon diversity jurisdiction, as there is a complete diversity of citizenship and the amount in controversy exceeds $75,000.**

12. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different States.

13. In the Garnishment Action, Judgment Creditors seek to recover in excess of $1,265,000.00. Thus, the amount in controversy exceeds $75,000. *See* Ex. 2, Suggestions.

14. There is a complete diversity of citizenship between Norfolk Southern and the Judgment Creditors, as Norfolk Southern is a citizen of the Commonwealth of Virginia, and

Phillips Machine and The Combs Group are citizens of West Virginia and Kentucky respectively.

15. Accordingly, this Court possesses original jurisdiction pursuant to 28 U.S.C. § 1332 as there is a complete diversity of citizenship between Norfolk Southern and Judgment Creditors, that Norfolk Southern is not a citizen of the forum state, and that the amount in controversy exceeds $75,000.

### B. The Court possesses original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 on the basis that this action arises under, and pertains to, the provisions of the Federal Bills of Lading Act, and the Interstate Commerce Act.

16. A district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

17. A district court also has "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies . . . ." 28 U.S.C. § 1337(a).

18. As pleaded above, Norfolk Southern is an interstate rail carrier subject to the jurisdiction of the STB, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*, as well as the Federal Bills of Lading Act, 49 U.S.C §§ 80101 *et seq*.

19. Through the use of suggestions of judgment, Judgment Creditors seeks to take possession of any property belonging to Judgment Debtors that was in the possession of Norfolk Southern on the date that the suggestions were served.

20. Specifically, Judgment Creditors seek to attach or levy upon any coal owned by Judgment Debtors that was being transported by Norfolk Southern via interstate rail.

21. The use of judicial process – such as garnishment proceedings – to obtain goods within the possession of a rail carrier being transported in interstate commerce is subject to the provisions of the Federal Bills of Lading Act. *See* 49 U.S.C. § 80101, *et. seq.*

22. In addition, the duty of a carrier to deliver goods in its possession, its liability for failure to do so, and the remedies available against it are subject to the provisions of the Interstate Commerce Act as well as those of the Federal Bills of Lading Act.

23. The Interstate Commerce Act also provides that any remedies provided under the Act are exclusive, and preempt any remedies provided by Federal or State Law. *See* 49 U.S.C. § 10501.

24. To the extent to which Judgment Creditors seek to attach goods in Norfolk Southern's possession, direct the delivery of those goods, or otherwise seek any remedies against Norfolk Southern, the Judgment Creditors must comply with the mandatory provisions of the Federal Bills of Lading Act as well as the Interstate Commerce Act in order to garnish or attach property being transported by an interstate rail carrier. And if Norfolk Southern were to turn over property to the Judgment Creditors without first requiring compliance with established federal statute, it could be held liable for violation of its statutory duties as a common carrier.

25. Accordingly, this Court has jurisdiction pursuant to 49 U.S.C. §§ 1331 and 1337 on the basis that this action arises under the Interstate Commerce Act and the Federal Bills of Lading Act, which are laws of the United States as well as Acts of Congress regulating interstate commerce.

### III. Procedural Requirements for Removal

26. Judgment Creditors filed their Suggestions and initiated the Garnishment Action against Norfolk Southern in the Circuit Court of Raleigh County, West Virginia, which is within the Beckley Division of the Southern District of West Virginia.

27. Norfolk Southern has timely filed this Notice of Removal within thirty days of the date that Norfolk Southern was first served with a summons in the Garnishment Action, said date being September 29, 2014. *See* Ex. 2.

28. Exhibit 2 contains copies of all process, pleadings, and orders served upon Norfolk Southern in the Garnishment Action. There are no other process, pleadings, or orders in this case pertaining to the garnishment of Norfolk Southern in the Garnishment Action.

29. A garnishment proceeding is properly removable to federal court as long as the court possesses original jurisdiction. *See In re Tamimi*, 176 F.3d 274 (4th Cir. 1999) (garnishee removed the garnishment action to federal court); *State Farm Mut. Auto. Ins. Co. v. Braxton*, 167 F.2d 283 (4th Cir. 1948) (same); *Labertew v. Langemeier*, 2014 WL 1356236 (D. Ariz. Apr. 7, 2014) ("Federal courts have long held that garnishment proceedings may be removed to federal court if they satisfy the requirements of diversity jurisdiction") (*citing Swanson v. Liberty Nat'l Ins. Co.*, 353 F.2d 12, 13 (9th Cir.1965) (state garnishment proceeding removable under 28 U.S.C. § 1441) and *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 725 (7th Cir.2012) (same)).

30. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Raleigh County, West Virginia.

31.     Written notice of this filing is being served upon Judgment Creditors through their counsel of record.

**WHEREFORE**, garnishee, Norfolk Southern Railway Company, respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for Raleigh County, West Virginia, to the United States District Court for the Southern District of West Virginia, Beckley Division.

                    **NORFOLK SOUTHERN RAILWAY COMPANY**

                    By:      /s/ Alexis B. Mattingly
                                Of Counsel

Alexis B. Mattingly, Esquire
**HUDDLESTON BOLEN LLP**
611 Third Avenue
P.O. Box 2185
Huntington, WV 25722
(304) 529-6181—Telephone
(304) 522-4312—Facsimile
amattingly@huddlestonbolen.com

**COUNSEL FOR:**
**NORFOLK SOUTHERN RAILWAY COMPANY**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

PHILLIPS MACHINE SERVICE, INC.,
THE COMBS GROUP, INC.

       Plaintiffs,

  v.

SOUTHERN COAL CORPORATION,
KENTUCKY FUEL CORPORATION,
A & G COAL CORPORATION,
VIRGINIA FUEL CORPORATION,
SEQUOIA ENERGY, LLC,
JUSTICE LOW SEAM MINING, INC.
BLACK RIVER COAL, LLC,

       Defendants.

NORFOLK SOUTHERN RAILWAY COMPANY

       Garnishee.

CIVIL ACTION NO. _____

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he served the forgoing "***Notice of Removal***" and "***Civil Cover Sheet***" upon the following individuals by depositing a true copy thereof in the regular manner in the United States Mail, postage prepaid, at Huntington, West Virginia, on the 22nd day of October, 2014.

Marc Weintraub, Esquire
Isaac Forman, Esquire
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301

Paul Flanagan, Circuit Clerk
Raleigh County Courthouse
215 Main St., PO Box 2518
Beckley, WV 25802

                ___/s/ Alexis B. Mattingly_____